UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY LEE THIELE, | No. 2:14-cv-1628 AC (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On September 14, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") and for Disability Insurance Benefits ("DIB") under Title II of the Act. (Transcript ("Tr") at 125-28, 132-39.) Both applications alleged that plaintiff's disability commenced on August 21, 2010. (Id.) Plaintiff's

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 9 & 10.)

applications were denied initially, (id. at 79-83), and upon reconsideration. (Id. at 85-90.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on March 22, 2012. (Id. at 38-64.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 37-38.) In a decision issued on April 18, 2012, the ALJ found that plaintiff was not disabled. (Id. at 32.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since August 21, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus, hypertension, hyperlipidemia, renal disorder, obstructive sleep apnea, morbid obesity, edema, adjustment disorder with anxiety and depressed moods, and learning disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: he could stand and walk up to 4 hours daily; he has no sitting limitations; he could lift and carry 20 pounds occasionally and 10 pounds frequently; he could occasionally climb; he has no limitations in balancing, kneeling, and crawling; he could frequently stoop and crouch; he has no limitations in reaching, handling, feeling, and fingering; he has no environmental limitations; he could understand, remember, and carry out one-step instructions as well as instructions of mild complexity; he could multi-task for not more than one- to two-step tasks; he could maintain concentration, persistence, and pace as it relates to simple one- to two-step tasks; he must avoid competitive work-pressure-type jobs; he should perform routine, repetitive work; and he could interact with supervisors, coworkers, and the public on a frequent basis.
>
> 6. The claimant is capable of performing past relevant work as a telephone survey worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 21, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 25-31.)

On May 31, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's April 18, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 10, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

1  Step five: Does the claimant have the residual functional capacity
2  to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

3  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

4  The claimant bears the burden of proof in the first four steps of the sequential evaluation
5  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden
6  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,
7  1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's motion argues that the ALJ's treatment of the medical opinion evidence constituted error.  (Pl.'s MSJ (ECF No. 14) at 6-11.[2])  In this regard, On January 5, 2011, plaintiff was examined by Dr. Joe M. Azevedo.  (Tr. at 336-41.)  In assessing plaintiff's impairments, Dr. Azevedo opined that plaintiff had "moderate limitations in his ability to interact appropriately with supervisors, co-workers, and the general public on a consistent basis."  (Id. at 341.)  Similarly, on January 26, 2011, Dr. Phaedra Caruso-Radin, a non-examining state agency psychologist, opined that plaintiff "would function better" in an environment with limited public contact.  (Id. at 360.)  The ALJ purported to afford "significant weight," to the opinions of Dr. Azevedo and Dr. Caruso-Radin.  (Id. at 30.)  The ALJ's decision, however, found that plaintiff had the residual functional capacity, ("RFC"), to "interact with supervisors, coworkers, and the public on a *frequent basis*."  (Id. at 28) (emphasis added).

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1).  The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record."  Id.  Here, it is unclear whether the ALJ's RFC determination is the most plaintiff can still do despite his limitations based on all the relevant evidence.  In this regard, neither the ALJ's decision nor Dr. Azevedo's opinion defines Dr. Azevedo's use of the term moderate.[3]  Cf. Lacroix v. Barnhart, 465 F.3d 881, 888 (8th Cir.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Dr. Azevedo's opinion, however, characterizes plaintiff's psychological restrictions as "mild" and his capacity for adapting to changes as "moderate to marked."  (Id. at 341.)  Thus it appears,

1  2006) ("Indeed, as noted on the evaluation form itself, a 'moderate' ranking means that 'the
2  individual is still able to function satisfactorily.'"); Beene v. McMahon, 226 Fed. Appx. 348, 350
3  (5th Cir. 2007) ("The ALJ explained that moderate meant 'there was a moderate limitation in this
4  area, but the individual is still able to function satisfactorily.'").[4]

5  Therefore, it is unclear how Dr. Azevedo's finding of a moderate limitation with respect
6  to plaintiff's ability to interact appropriately with supervisors, coworkers and the public
7  corresponds to the ALJ's RFC determination that plaintiff could have such contact frequently.
8  Accordingly, because it is unclear how the ALJ reconciled Dr. Azevedo's opinion with respect to
9  plaintiff's limitation in terms of contact with supervisors, coworkers and the public, with the
10 ALJ's RFC determination that plaintiff could interact with those groups on a frequent basis, it is
11 unclear if the ALJ's RFC determination accurately reflects the most plaintiff can do despite his
12 limitations.

13 Moreover, the ALJ hypothetical question to the Vocational Expert, ("VE"), asked the VE
14 to assume an individual for whom "interacting with supervisors, coworkers, and general public
15 can be done on a frequent basis." (Tr. at 61.) While an ALJ may pose a range of hypothetical
16 questions to a VE based on alternate interpretations of the evidence, the hypothetical question that
17 ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated
18 on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the
19 particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

20 Here, because the term moderate as used by Dr. Azevedo is undefined, it is not clear that
21 the ALJ's hypothetical question to the VE accounted for all of plaintiff's limitations and
22 restrictions. "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the
23 expert's testimony has no evidentiary value to support a finding that the claimant can perform
24 jobs in the national economy.'" Bray, 554 F.3d at 1228 (quoting DeLorme v. Sullivan, 924 F.2d
25 841, 850 (9th Cir. 1991).

---

"moderate," as used by Dr. Azevedo, may be something between marked and mild.
[4] The Commissioner's regulations define moderate simply in reference to "marked," stating that "marked . . . means more than moderate but less than extreme." 20 C.F.R. Part 404, Subpart P, App. I, § 12.00(C).

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his sole claim.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record has not been fully developed and further administrative proceedings would serve a useful purpose. Moreover, as demonstrated by the ALJ's decision, the record as a whole creates serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act.[5] Accordingly, this matter will be remanded for further proceedings.

On remand, the ALJ shall analyze and quantify Dr. Azevedo's finding that plaintiff is moderately limited in his ability to interact appropriately with supervisors, co-workers, and the general public. Thereafter, the ALJ shall proceed with the sequential evaluation and take testimony from a VE if necessary.

/////

/////

---

[5] In this regard, the court notes that plaintiff did not challenge the ALJ's decision in any other respect.

6

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF. No. 14) is granted;
2. Defendant's cross-motion for summary judgment (ECF. No. 15) is denied;
3. The Commissioner's decision is reversed for the reasons indicated above; and
4. This matter is remanded for further proceedings consistent with this order.

DATED:  March 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE